**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE

DEBBIE FRYMAN                                                                                    CASE NO. 18-20660

DEBTOR

**MEMORANDUM OPINION AND ORDER**
**SUSTAINING TRUSTEE'S CLAIM OBJECTION AND**
**DENYING CREDITOR'S MOTION TO EXTEND TIME TO FILE CLAIM**

An unscheduled creditor seeks an extension of time to file a proof of claim pursuant to Rule 3002(c)(6)(A).[1] Debtor omitted the creditor not only from her initial schedules, but also from her first filed mailing list required by Rule 1007(a). The plain text of these Rules compels a conclusion that the requested extension must be denied.

**I. BACKGROUND.**

The facts in this matter are not disputed. Debtor filed this voluntary chapter 13 bankruptcy case on May 15, 2018. She filed her schedules and a list of creditors with the petition. She did not include Kentucky Tax Lien Fund, LLC ("Creditor") on her schedules or her list of creditors.

The deadline for filing proofs of claim was July 25, 2018. Creditor did not receive notice of the bankruptcy case prior to this deadline. Debtor's plan was confirmed August 14, 2018, and does not provide for Creditor's claim.

Shortly after Debtor filed amended schedules and an amended mailing list that included Creditor, Creditor filed its untimely proof of claim on January 14, 2019, asserting a claim in the amount of $2,599.19, secured by a tax lien on Debtor's real property. The Chapter 13 Trustee

---

[1] References to the Federal Rules of Bankruptcy Procedure appear as "Rule _." Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

objected to the claim [ECF No. 39], arguing that it must be disallowed as untimely pursuant to § 502(b)(9).   In response, Creditor moved for an extension of time to file its claim pursuant to Rule 3002(c)(6)(A).   [ECF No. 42.]   Creditor argues this Rule provides grounds for an extension because Debtor failed to timely file a complete list of her creditors.   The Trustee responds [ECF No. 53] that Rule 3002(c)(6)(A) does not permit a court to extend the filing deadline when a debtor timely files a list of creditors that merely omits a creditor.   Creditor filed a reply.   [ECF No. 54.]

The Court held a hearing on March 13, 2019.   The matter is fully briefed and ripe for a decision.

## II.  ANALYSIS.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409(a).   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and the Court has authority to enter a final order.

There is no dispute if Creditor's Motion is not granted, Creditor's untimely claim must be disallowed.   11 U.S.C. §502(b)(9).

Rule 9006(b)(3) governs a request for an enlargement of time within which to file certain documents.   A court may extend the time within which to file proofs of claim "only to the extent and under the conditions stated in [Rule 3002(c)]."   FED. R. BANKR. P. 9006(b)(3).

Rule 3002(c)(6)(A) provides:

> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)….

2

FED. R. BANKR. P. 3002(c)(6)(A).

At issue here is the interpretation of the clause "because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a)." *Id.* Rule 1007(a) requires that a debtor in a voluntary case file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed by the Official Forms." FED. R. BANKR. P. 1007(a)(1). Hereinafter, this list is referred to as the "Mailing List."

Creditor argues that the Mailing List is not timely filed as required by Rule 1007(a) if it omits the creditor requesting an extension. Trustee argues that the omission of a single creditor from the Mailing List does not entitle that creditor to an extension, claiming there are other remedies when a debtor omits a creditor from her schedules. The parties rely on two out-of-circuit decisions that seemingly reach opposite conclusions.

Creditor cites to *In re Mazik*, 592 B.R. 812 (Bankr. E.D. Pa. 2018). In *Mazik*, the debtor scheduled Chicago Title Insurance Company ("Chicago Title") on Schedule E/F and timely filed a Mailing List that omitted Chicago Title. Granting Chicago Title's request for an extension to file its claim, the court reasoned that "the omission of the creditor from the filed list constitutes a failure to comply with the requirement in Rule 1007(a) that the list include the name and address 'of each entity included or to be included on Schedules D, E/F, G and H.'" *Id.* at 818 (quoting FED. R. BANKR. P. 1007(a)(1).

In response, Trustee relies on *In re Wulff,* 598 B.R. 459 (Bankr. E.D. Wis. 2019). In *Wulff,* the debtor timely filed schedules and a Mailing List, both of which included creditors CNH Capital America LLC and CNH Industrial Capital America LLC. However, both the schedules and the Mailing List used the wrong address for these creditors. *Id.* at 462. Although recognizing that the CNH creditors did not receive adequate notice, the court relied on

the plain text of Rule 3002(c)(6)(A) and held that an extension of time was improper because the debtor timely filed the Mailing List. *Id.* at 465.

The parties rely on the disposition of these cases to support their contrasting positions. But the disposition in both cases is consistent with the plain text of Rule 3002(c)(6)(A), which supports only one interpretation in this case.

**A.  The Plain Text of the Bankruptcy Rules Supports Trustee's Objection.**

When analyzing a law, courts generally start with the "plain meaning rule," which requires enforcing the plain meaning of the text. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (explaining that courts must follow the "plain meaning" of a statute). The "plain meaning rule" applies when interpreting procedural rules, such as the Federal Rules of Bankruptcy Procedure. *See Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir. 1997) (interpreting Rule 4003 and holding that courts interpreting a rule of procedure must start with the "plain meaning" of the language).

The text of Rule 3002(c)(6)(A) references Rule 1007(a), which requires that a debtor file a list "containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed by the Official Forms." FED. R. BANKR. P. 1007(a)(1). Under a plain reading, Rule 1007(a) requires all scheduled creditors to be on the Mailing List, but it does not require unscheduled creditors to be on the Mailing List.[2] The Mailing List is driven by the debtor's schedules. Therefore, the failure to include an unscheduled creditor in the Mailing List does not expressly or implicitly violate Rule 1007(a). The omission of an unscheduled creditor from the Mailing List does not constitute a failure to timely file the list of creditors for the purposes of Rule 3002(c)(6)(A).

---

[2] As explained in *Mazik*, the Mailing List is the source for the Bankruptcy Noticing Center to provide notice of a bankruptcy case to creditors. *Mazik,* 592 B.R. at 816.

This interpretation is consistent with both the *Mazik* and *Wulff* decisions. In *Mazik*, the creditor that requested the extension was scheduled, but not on the Mailing List. *Mazik*, 592 B.R. at 817. Thus, the Mailing List did not comply with Rule 1007(a)(1). The court thus held that Rule 3002(c)(6)(A) applied and granted an extension. *Id.* at 818. In contrast, the creditor in *Wulff* was both scheduled and on the Mailing List. *Wulff*, 598 B.R. at 462. Notwithstanding the incorrect address on both, the debtor did timely file the Mailing List that included the creditors listed in the schedules. *Id.* at 465. Thus, under the plain text of Rule 3002(c)(6)(A), the court denied the requested extension. *Id.* at 465.

In this case, as in *Wulff* (and unlike *Mazik*), Debtor timely filed a Mailing List that mirrored his schedules. Creditor was neither scheduled nor listed on Debtor's timely-filed Mailing List. Rule 3002(c)(6)(A) does not permit an extension of the claim-filing deadline when a debtor timely files a Mailing List of creditors identified in the schedules.

**B.   Creditor's Due Process and Equitable Arguments are Without Merit.**

Creditor argues that the Rules Committee must have intended a different result despite the plain text of these Rules. Although the Advisory Committee Note[3] can be interpreted more broadly than Rule 3002(c)(6)(A), because the Rule's plain text is unambiguous, there is no reason to consult the Note. *See Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979, 986 (6th Cir.

---

[3] Rule 3002(c)(6) was amended in 2017. The Advisory Committee's Note explains the purpose for the amendment:

> Subdivision (c)(6) is amended to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim. The amendment provides that the court may extend the time to file a proof of claim if the debtor fails to file a timely list of names and addresses of creditors as required by Rule 1007(a). The amendment also clarifies that if a court grants a creditor's motion under this rule to extend the time to file a proof of claim, the extension runs from the date of the court's decision on the motion.

FED. R. BANKR. P. 3002(c)(6) advisory committee's note.

2009) (stating that when the language of a statute is clear, the court should look no further.)

Creditor also argues that the inability to file a proof of claim owing to the lack of notice raises due process concerns. But creditors who do not receive sufficient notice of a bankruptcy case have a remedy in § 523(a)(3), applicable to chapter 13 cases through § 1328(a). Creditor does not explain why its right to due process is not sufficiently protected through the Code so as to compel the Court to ignore the plain text of the pertinent Rules.

Finally, Creditor argues that the failure to pay its claim through the plan may have significant consequences for Debtor's success in chapter 13. It argues that if its claim is disallowed it may need to seek stay relief and foreclose on Debtor's property, and that a foreclosure could jeopardize her success in chapter 13. This Court previously rejected similar arguments in disallowing a late-filed claim in *In re Mackinder-Manous*, No. 13-21211, 2015 Bankr. LEXIS 553 (Bankr. E.D. Ky. Feb. 24, 2015). Creditor's equitable arguments have no merit in the context of an analysis of the unambiguous Rules at issue here.

### III. CONCLUSION.

The omission of an unscheduled creditor from an otherwise timely-filed Mailing List does not constitute a failure to timely file that list pursuant to Rule 3002(c)(6)(A). Thus, the Rule does not provide a basis for allowing Creditor an extension of time to file a proof of claim.

For these reasons, it is ordered that Creditor's Motion [ECF No. 42] is DENIED and Trustee's Claim Objection [ECF No. 39] is SUSTAINED.

_____

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Tuesday, June 25, 2019**
**(tnw)**